United States District Court
Southern District of Texas
**ENTERED**
October 23, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CARLA BOUNDS, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-00701 |
| | § | |
| NORTH RESTAURANTS, LLC, STAN | § | |
| BYERS, THE CHEESECAKE FACTORY | § | |
| RESTAURANTS, INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Pending before the Court is Plaintiff Carla Bounds' ("Plaintiff") Motion to Remand to the 151st Judicial District Court of Harris County. (Doc. No. 5). Defendants Stan Byers, North Restaurants LLC, and The Cheesecake Factory Restaurants, Inc. filed a Response ("Collectively, Defendants"), (Doc. No. 7), and Plaintiff Replied. (Doc. No. 8).

### I.   Background & Procedural Posture

This suit was filed after an alleged slip and fall in a restaurant in The Woodlands, Texas. (Doc. No. 1-2 at 3). Plaintiff alleges that she was a customer, that she noticed the floors near the restrooms were wet, that she informed the manager, Stan Byers, of the danger posed by the wet floors, and that Defendant Byers did nothing to remedy the danger. (*Id.*). During the conversation, Plaintiff alleges that Defendant Byers acknowledged her concern and told her that "when the doors and windows are open, the humidity settles on the floor making them slippery." (*Id.*). About an hour after this interaction, Plaintiff alleges that she walked to the restrooms once again and slipped on the wet floors due to the windows and doors remaining open. (Doc. No. 1-2 at 4). As a result of this fall, Plaintiff alleges that she significantly injured her wrist. (*Id.*).

Plaintiff then brought this suit for negligence against Defendant Byers as the manager of the restaurant, and the two corporations that owned and operated the restaurant under a theory of respondeat superior. Plaintiff's Original Petition alleges that she was an invitee who reasonably expected Defendants to remedy the condition in the hour between her conversation with Defendant Byers and her fall. (Doc. No. 1-2 at 4). Plaintiff alleges that the corporate defendants, by and through their agents and employees, failed to use ordinary care by, among other things, failing to correct a condition that posed an unreasonable risk of harm when the risk was made known to them. (*Id.*). Plaintiff also alleges that "the persons on duty at the time of the incident, including Defendant Byers, were an employee [sic] of Defendant North and their parent company Defendant The Cheesecake Factory," and "were acting in the course and scope of his employment when this incident occurred." (Doc. No. 1-2 at 5).

After the suit was filed in the 151st District Court of Harris County, Defendants filed a Notice of Removal to this Court. (Doc. No. 1). Plaintiff then filed a Motion to Remand on the basis that both she and Defendant Byers were residents of Texas, which destroys complete diversity. (Doc. No. 5). Plaintiff alleges that, because she told Byers himself about the wet floors, he was personally negligent by failing to warn others of the danger that caused Plaintiff's injury. (Doc. No. 5 at 2). In their response, Defendants argue that there is no possibility of recovery because the Plaintiff's pleadings themselves allege that Byers's actions were within the scope of his employment. As such, there would no basis on which he can be found liable for negligence *independent* of the negligence attributable to his corporate-defendant employers.

## II. Legal Standards

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339

(5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Further, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.* To determine whether a claim arises under federal law, courts must look to the "well-pleaded complaint" to determine if the action could have been originally brought in federal court. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

### a. Improper Joinder

The doctrine of improper joinder focuses on joinder, not the merits of the plaintiff's case. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004). The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Under the latter method, the Court determines whether the Plaintiff "has *any possibility of recovery* against the party whose joinder

is questioned. If there is arguably a *reasonable* basis for predicting that the state law might impose liability on the facts involved, then there is no improper joinder." *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 478 (S.D. Tex. 2008). "This possibility, however, must be reasonable, not merely theoretical." *Travis*, 326 F.3d at 648).

A court may resolve this latter issue of whether there is a reasonable possibility of recovery in one of two ways. *Smith v. Petsmart Inc.*, 278 Fed. App'x. 377, 379 (5th Cir. 2008). The court may conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. In the alternative, if the plaintiff has stated a claim, but "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* During this latter inquiry, the court may consider "summary judgment-type evidence in the record, but it must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 648–49. All disputed issues of facts and any ambiguities of state law must be resolved in the plaintiff's favor. *Id.* at 649.

### III. Analysis

As described above, the issue before the Court is whether complete diversity exists, as is required for subject matter jurisdiction under § 1332(a). The root issue in this case is whether Plaintiff has pled facts that could possibly allow her to recover against Defendant Byers individually. In order to successfully plead a claim against him as an individual, not merely as an employee of corporate defendants, Plaintiff must show that Byers owed a duty to her distinct from the duty owed by his employers. Based on Plaintiff's pleadings and Motion for Remand, she has failed to do so.

The Supreme Court of Texas has held that "a corporate officer or agent can be liable to others . . . for his or her own negligence . . . only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). This is because "[w]hen an employer is a corporation, the law charges the corporation itself, not the individual officer, with the duty to provide the [injured party] a safe workplace." *Id.* The Supreme Court of Texas then extended this reasoning to premises liability suits explicitly. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). "After *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties." *Solis*, 617 F. Supp. 2d at 481. Thus, the question of Byers' status as a valid defendant turns on whether Byers himself owed Plaintiff an independent duty of care, and whether he failed to satisfy that duty.

Plaintiff fails to plead an independent negligence claim against Defendant Byers for two reasons. First, Plaintiff's Original Petition includes language specifically alleging that Byers' actions were within the course and scope of his employment. (Doc. No. 1-2 at 5). This pleading language directly undercuts any subsequent arguments that Byers was acting independent from his role as restaurant manager. Second, Plaintiff's negligence claim is plead as a premises liability claim for failure to ensure the restaurant was safe for the customers. The only way that Byers would have a duty to ensure the premises were safe would be based on his connection to the premises—a connection that only exists through his status as an employee of the property owner. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) ("In premises-liability cases, the scope of the duty turns on the plaintiff's status . . . generally, *the property owner* owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known.").

5

Plaintiff's Original Petition includes no allegation that action any taken by Byers *caused* the dangerous condition; all that was pled was that the manager of the restaurant was notified that the floors were slick. (Doc. No. 1-2 at 2). This is insufficient, however, because it fails to show that Byers owed a duty to act other than the duty tied to his status as the restaurant manager. Based on Plaintiff's allegations, Byers may have failed to satisfy the duty he owed as the manager of the restaurant. If so, his actions could serve as a basis for a suit against his employers. Nevertheless, this conduct is insufficient to create an independent duty of care under the law established by the Supreme Court of Texas. Thus, Plaintiff's entire basis for relief depends on a connection to the premises themselves—a connection that does not exist apart from his status as an employee of the restaurant. As such, Byers cannot be joined as an individual defendant.

### IV.  Conclusion

For the foregoing reasons, the Court hereby **DISMISSES** Defendant Stan Byers for being improperly joined under FED. R. CIV. PRO. 21, and the Court **DENIES** Plaintiff's Motion to Remand. (Doc. No. 5).

Signed this 22nd day of October, 2024.

Andrew S. Hanen
United States District Judge